UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Michele Lacaillade,</u>
<u>Taylor Lacaillade,</u>
<u>and Andrew Lacaillade</u>

      v.                        Civil No. 10-cv-68-JD
                                      Opinion No. 2010 DNH 122

<u>Loignon Champ-Carr, Inc.</u>

<u>O R D E R</u>

Following the death of Jon Paul Lacaillade II, his wife and children sued Loignon Champ-Carr, Inc. ("Loignon"), alleging claims for, inter alia, negligence, wrongful death, and violations of Maine and New Hampshire consumer protection statutes.  Loignon moves for judgment on the pleadings and the plaintiffs object.

<u>Background</u>

The plaintiffs allege the following in their complaint.[1]  On August 25, 2008, an agent, servant, or employee of Loignon was operating a tractor-trailer in Porter, Maine.  Loignon, through

---

[1] The facts were further developed in the motion for judgment on the pleadings and the objection thereto, but neither of the two documents is a pleading.  <u>See</u> Fed. R. Civ. P. 7(a).  Therefore, the additional facts were not considered in deciding this motion.

its agent or employee, acted negligently, which caused the decedent's death.  According to the complaint, Jon Paul Lacaillade's death was preceded by a period of conscious suffering.

On August 17 and November 19, 2009, the plaintiffs notified Loignon of its negligent failure to obey motor vehicle laws and failure to pass a moving bicyclist with care.  The plaintiffs demanded a reasonable settlement offer within thirty days of the notices, but Loignon did not tender one.

Michele Lacaillade, the decedent's wife, is the duly appointed administratrix of the decedent's estate.  She sues on her own behalf and on behalf of the estate.  She is joined in the suit by the decedent's two children, his daughter, Taylor, and his son, Andrew.  The plaintiffs assert fifteen counts: counts I through X appear to allege negligence, conscious pain and suffering, loss of consortium, and wrongful death; count XI alleges failure to offer a reasonable settlement in violation of New Hampshire Revised Statutes Annotated ("RSA") § 417:4(XV)(a)(4) and 5 Maine Revised Statutes Annotated ("M.R.S.A.") § 213(1-A); and counts XII through XV refer explicitly to the allegations in count XI and appear to allege conscious pain and suffering, negligence, and loss of consortium.

<u>Standard of Review</u>

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is decided under the same standard as a motion to dismiss.  <u>Remexcel Managerial Consultants, Inc. v. Arlequin</u>, 583 F.3d 45, 49 n.3 (1st Cir. 2009).  "[T]o survive a . . . motion for judgment on the pleadings . . ., the complaint must plead facts that raise a right to relief above the speculative level."  <u>Citibank Global Mkts., Inc. v. Rodríguez Santana</u>, 573 F.3d 17, 23 (1st Cir. 2009).  A Rule 12(c) motion should be granted if "the facts, evaluated in [a] plaintiff-friendly manner, [do not] contain enough meat to support a reasonable expectation that an actionable claim may exist."  <u>Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.</u>, 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted).

In deciding the motion, the court must "view the facts contained in the pleadings in the light most favorable to the party opposing the motion--here, the plaintiff[s]--and draw all reasonable inferences in the plaintiff[s'] favor."  <u>Curran v. Cousins</u>, 509 F.3d 36, 43 (1st Cir. 2007) (citation omitted). "The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts

3

susceptible to judicial notice." <u>R.G. Financial Corp. v.</u>
<u>Vergara-Nuñez</u>, 446 F.3d 178, 182 (1st Cir. 2006) (quotation marks
omitted).  The court "may consider documents the authenticity of
which are not disputed by the parties; documents central to
plaintiffs' claim; and documents sufficiently referred to in the
complaint." <u>Curran</u>, 509 F.3d at 44 (internal quotation marks and
alterations omitted).[2]

## Discussion

Loignon argues that the complaint should be dismissed
because it fails to allege sufficient factual content and because
neither the New Hampshire nor the Maine statute cited by the
plaintiffs allows a private cause of action for failing to offer
a reasonable settlement.  The plaintiffs counter that the
complaint is sufficient because they alleged that the defendant's
employee ran over the decedent, and they argue that further
facts, such as what caused the accident, will be developed during
discovery.  Moreover, they claim, both state statutes are
applicable to the facts.

---

[2]The plaintiffs attached two letters to their objection.
The letters do not fall into any of the categories of documents
that can be considered for purposes of a motion for judgment on
the pleadings.  The court, therefore, disregards the letters in
deciding the motion.

4

A.   <u>Sufficiency of Counts I-X</u>

Loignon argues that the complaint should be dismissed because its only factual allegations are that Jon Paul Lacaillade II died August 25, 2008, as a result of an accident involving a truck driven by a Loignon employee.  The plaintiffs object, arguing that their complaint alleges sufficient facts to show that Lacaillade would not have died if Loignon's employee were not driving the truck.  They contend that the connection between Loignon and Lacaillade is clear from the complaint.  According to the plaintiffs, the complaint "outlines the events at issue, giving the date of the accident, the location, and the injury and harm suffered by Mr. Lacaillade."  Pls' Obj. at 8.

To survive a motion for judgment on the pleadings, the "complaint must establish 'a plausible entitlement to relief,'" <u>Vernet v. Serrano-Torres</u>, 566 F.3d 254, 258 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 559, (2007)), and "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the claims."  <u>Fantini v. Salem State Coll.</u>, 557 F.3d 22, 26 (quoting <u>Bell Atl.</u>, 550 U.S. at 544); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation and internal quotation marks omitted).  <u>Iqbal</u>

5

also teaches that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  129 S. Ct. at 1949 (citation omitted).[3]

In <u>Iqbal</u>, the Supreme Court instructed to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth."  129 S. Ct. at 1951. The court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  <u>Id.</u> at 1950 (quoting <u>Twombly</u>, 550 U.S. at 555.  In this case, the complaint is comprised almost entirely of legal conclusions.

For example, the plaintiffs assert that Loignon, through its agent or employee, "acted negligently, carelessly, and without regard for the plaintiff's decedent [sic] health and well-being while operating a tractor-trailer."  Compl. at 2.  Although the complaint alleges that Loignon's agent or employee acted negligently and the negligence caused Lacaillade's death on August 25, 2008, the plaintiffs at no point state that Loignon

---

[3]In their objection, the plaintiffs rely on both <u>Iqbal</u> and <u>Conley v. Gibson</u>, 355 U.S. 41 (1957) and its progeny.  Pls.' Obj. at 9.  <u>Conley</u> was abrogated by <u>Bell Atlantic</u>, 550 U.S. at 562-63.

In addition, the court notes that, for issues governed by federal law, cases from the First Circuit and the Supreme Court are controlling precedent.  Cases from other circuits and other districts are not helpful where controlling precedent exists addressing the same issue.

committed any act that would lead to a plausible inference that Loignon is liable.  The plaintiffs fail to allege even that the truck in question made contact with Lacaillade.  <u>See</u> Fed. R. Civ. P., App. of Forms, Form 11 (requiring, in a negligence complaint, a statement that "the defendant negligently drove a motor vehicle against the plaintiff").

Legal conclusions aside, the remainder of the complaint states only the facts recited above.  Merely stating that Loignon was negligent and that the negligence caused the decedent's death "do[es] not permit the court to infer more than the mere possibility of misconduct."  <u>Iqbal</u>, 129 S. Ct. at 1950. Therefore, counts I through X are dismissed without prejudice to filing a motion to amend the complaint.


B.    <u>Statutory Claims in Counts XI-XV</u>

In count XI, the plaintiffs allege that they sent a demand for a settlement offer to Loignon, and Loignon did not make an offer.  The plaintiffs allege that this failure constituted a violation of New Hampshire RSA 417:4(XV)(a)(4) and 5 M.R.S.A. § 213(1-A).  Counts XII through XV refer to the allegations in count XI and assert claims for conscious pain and suffering, negligence, and loss of consortium.

1.   New Hampshire RSA 417:4(XV)(a)(4)

RSA 417:4(XV)(a)(4) provides that "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements or compromises of claims in which liability has become reasonably clear" is an "unfair claim settlement practice[]."  Loignon argues that the plaintiffs cannot state a claim under the statute because the statute only applies to those in the business of insurance and Loignon is in the business of over-the-road trucking, not insurance.  Loignon also argues that RSA 417:4(XV)(a)(4) does not provide for a private cause of action.

In their objection, the plaintiffs reconstruct their claim in count XI, arguing that, "on its face," the complaint states a claim under the New Hampshire Consumer Protection Act, RSA 358-A:2.  Contrary to the plaintiffs' assertion, the complaint does not state a claim under RSA 358-A:2, but rather refers explicitly to RSA 417:4(XV)(a)(4).  The plaintiffs may not amend their complaint through their objection.

Loignon contends that RSA 417 does not provide a private right of action for those in the plaintiffs' position.  The plaintiffs argue that RSA 417:4(XV)(a)(4) is applicable because it requires a reasonable settlement offer by insurers, including self-insurers, which Loignon may be.

RSA 417:19 provides that "any consumer claiming to be adversely affected by the [allegedly unfair] act or practice . . . may bring suit," after the insurer, "in any action or proceeding brought by the insurance commissioner, has been found to be in violation of this chapter or has been ordered to cease and desist, and said finding or order has become final."

The New Hampshire Supreme Court has explained that "RSA chapter 417, entitled 'Unfair Insurance Trade Practices,' [has] the stated purpose . . . 'to regulate trade practices in the business of insurance.'" Bell v. Liberty Mut. Ins. Co., 146 N.H. 190, 193 (2001) (quoting RSA 417:1). "Chapter 417 empowers the insurance commissioner to investigate insurers to determine whether they have engaged in any unfair insurance trade practice." Id. (citing RSA 417:5). The court pointed out that chapter 417 "also permits a consumer adversely affected by a practice found by the commissioner to have violated the chapter to bring a private action for damages against the insurer." Id. at 194 (citing RSA 417:19).

Under chapter 417, a consumer may bring a private action against an insurer, but only after the insurance commissioner has determined that the practice in question violates the statute. See Shaheen v. Preferred Mut. Ins. Co., 668 F. Supp. 716, 718 (D.N.H. 1987) (explaining that "RSA 417 does not presently

provide for a direct civil action for a violation of any of the unfair insurance trade practices listed therein").[4]  The plaintiffs have not alleged or shown that to be the case.

Because there has been no determination by the insurance commissioner that Loignon violated chapter 417, the plaintiffs cannot bring a private cause of action against Loignon.  The portion of counts XI through XV alleging that Loignon violated RSA 417 are dismissed.

### 2.   5 M.R.S.A. § 213(1-A)

Section 213(1-A) provides that, when a party wishes to sue based on an unfair or deceptive act or practice, he must first demand relief.  The recipient "may make a written tender of settlement or, if a court action has been filed, an offer of judgment."  Count XI alleges that Loignon's failure to tender a reasonable settlement offer violated 5 M.R.S.A. § 213(1-A).  Counts XII through XV repeat that allegation.

---

[4]In Shaheen, the court noted that legislation was introduced in the 1987 session of the New Hampshire legislature that would create new remedies for violations of chapter 417.  Shaheen, 668 F. Supp. at 718 n.3 (citing Nixon, Tort Reform 1987-What's in Store from the Legislature, 28 N.H.B.J. 219, 221 & n.16 (1987)).  A review of amendments made to chapter 417 since its adoption in 1971 shows that the proposed changes were never adopted.  Therefore, Shaheen's conclusion that no private right of action existed is equally applicable today.

Loignon argues that section 213 does not provide a cause of action for failing to offer a reasonable settlement and that the statute is limited to those who purchase or lease goods, services, or property.  In response, the plaintiffs argue that the statute is applicable because Loignon was, at the time of the accident, conducting trade or commerce, as required by 5 M.R.S.A. § 207, and that the plaintiffs suffered loss of money due to Loignon's bad faith operation of its business, thus entitling them to bring claims under 5 M.R.S.A. § 213.

Once again, the plaintiffs attempt to amend their complaint through their objection.  The complaint alleged a violation of 5 M.R.S.A. § 213(1-A), not 5 M.R.S.A. § 207.  Count XI laid the factual basis for the claim, alleging that the plaintiffs sent the required notice to Loignon but that Loignon did not offer a reasonable settlement.  Thus, on its face, the complaint alleges a violation of section 213(1-A), not section 207.

Regardless of whether counts XI through XV were brought under section 207 or 213, however, they cannot survive.  Section 207 merely states the rule that unfair acts and practices in the conduct of trade and commerce are unlawful.  Section 213, entitled "Private remedies," is the section that explains who may sue under Maine's unfair trade practices law.  The statute provides:

> Any person who purchases or leases goods, services or
> property, real or personal . . . and thereby suffers
> any loss of money or property . . . as a result of the
> use or employment by another person of a method, act or
> practice declared unlawful by section 207 or by any
> rule or regulation issued [thereunder] may bring an
> action . . . for actual damages [and other appropriate
> relief].

5 M.R.S.A. § 213(1).  The plaintiffs allege no facts that
plausibly suggest that they purchased or leased any goods,
services, or property and that the purchase or lease caused them
to suffer any loss.  Under the plain words of the statute, the
plaintiffs are not authorized to seek a private remedy under
section 207 or 213.

Because the plaintiffs are not among the class of persons
entitled to bring a private cause of action under Maine's unfair
trade practices statute, the remainder of counts XI through XV,
alleging a violation of 5 M.R.S.A. § 213(1-A), are dismissed.


<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for
judgment on the pleadings (doc. no. 13) is granted with respect
to counts XI through XV, and is granted without prejudice to
filing a motion to amend the complaint with respect to counts I
through X.  The court notes that the complaint was disorganized
and repetitive.  The scattershot approach to pleading does little

12

if anything to advance the cause of plainly stating what is being claimed and the basis for the claim.  Therefore, the plaintiffs are urged to draft any amended complaint more carefully, to reduce the counts of the complaint to a reasonable number, and to avoid unnecessary repetition.

A motion to amend, if any, shall be filed **by August 6, 2010**.


SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

July 22, 2010

cc:  Andrew Ranks, Esquire
     Mark W. Shaughnessy, Esquire
     William J. Thompson, Esquire

13