UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Michele Lacaillade,
Taylor Lacaillade,
and Andrew Lacaillade

    v.                      Civil No. 10-cv-68-JD

Loignon Champ-Carr, Inc.

O R D E R

Following the death of Jon Paul Lacaillade II, his wife and children sued Loignon Champ-Carr, Inc. ("Loignon"), alleging claims for, inter alia, negligence, wrongful death, negligence per se, and loss of consortium. Loignon moves to dismiss the plaintiffs' negligence per se claim on the ground that Maine law, which governs the issue of liability, does not recognize a cause of action for negligence per se. The plaintiffs did not object to the motion.

Background[1]

On August 25, 2008, Jon Paul Lacaillade, a New Hampshire resident, was riding his bicycle on the side of the road traveling east on Route 25 in Porter, Maine. A tractor-trailer, owned and operated by Loignon, a Canadian business with a "U.S. presence in Maine," and driven by Renald Morin, a Loignon employee, was also traveling east on Route 25. As the truck

---

[1]The background information is taken from the plaintiffs' first amended complaint as construed under the 12(b)(6) standard.

approached Mr. Lacaillade to pass, he lost control of his bicycle, fell back into the roadway, and landed under the tractor-trailer's tires. He died instantly.

## Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must determine whether the facts alleged, when taken as true and in the light most favorable to the plaintiff, state a claim on which relief can be granted. <u>Rederford v. U.S. Airways, Inc.</u>, 589 F.3d 30, 35 (1st Cir. 2009). Under the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff need provide only a short and plain statement that provides enough facts "'to raise a right to relief above the speculative level . . . .'" <u>Ocasio-Hernandez v. Fortuno-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). The court must separate the factual allegations from any legal conclusions and decide whether the factual allegations, taken as true, state a plausible claim for relief. <u>Ocasio-Hernandez</u>, 640 F.3d at 10-11 (applying <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009)).

## Discussion

In Count III of their complaint, the plaintiffs allege negligence per se, stating that Loignon violated certain provisions of the Federal Motor Carrier Safety Regulations, which

2

provide rules and procedures to promote safety in commercial transportation. Loignon moves to dismiss the negligence per se claim on the ground that Maine law, which governs the issue of liability, does not provide for a cause of action for negligence per se.

As noted, the plaintiffs have not responded to Loignon's motion to dismiss. Under Local Rule 7.1(b), where the non-moving party does not oppose a motion to dismiss, "[t]he court shall deem waived any objection" to the motion. Therefore, Loignon is entitled to dismissal on the plaintiffs' negligence per se claim. See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002) ("it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule"). Even if the court did not rely on Rule 7.1(b), however, Loignon would still be entitled to dismissal of the negligence per se claim.

It is well established that Maine does not recognize the doctrine of negligence per se. Shaw v. Stewart's Transfer, 2010 WL 2943202, at *3 (D. Me. July 22, 2010)(citing Crowe v. Shaw, 755 A.2d 509, 512 (D. Me. 2000)); Binette v. Dyer Library Ass'n, 688 A.2d 898, 904 (Me. 1996). Under Maine law, the violation of a safety statute is merely evidence of negligence, and does not create a separate cause of action for negligence per se. Elliott

v. S.D. Warren Co., 134 F.3d 1, 5 (1st Cir. 1998); French v. Willman, 599 A.2d 1151, 1152 (Me. 1991).

The plaintiffs assert in both their amended complaint and their opposition to Loignon's motion regarding the appropriate choice of law that Maine law governs the issue of liability in the case. Loignon does not dispute the applicability of Maine law to the issue of liability. Therefore, because Maine law applies to liability, and Maine does not recognize a cause of action for negligence per se, Loignon is entitled to judgment on the plaintiffs' negligence per se claim.

## Conclusion

For the foregoing reasons, Loignon's motion to dismiss the plaintiffs' negligence per se claim (document no. 28) is granted.

The plaintiffs' remaining claims are:

(1) negligence (Count I),

(2) wrongful death (Count II), and

(3) loss of consortium (Count IV).

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

October 7, 2011

cc: Andrew Ranks, Esq.
    Mark SW. Shaughnessy, Esq.
    William J. Thompson, Esq.