UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Michele Lacaillade,
Taylor Lacaillade,
and Andrew Lacaillade

    v.                        Civil No. 10-cv-68-JD

Loignon Champ-Carr, Inc.


O R D E R

Following the death of Jon Paul Lacaillade II, his wife and children sued Loignon Champ-Carr, Inc. ("Loignon"), alleging claims for, inter alia, negligence, wrongful death, negligence per se,[1] and loss of consortium. The plaintiffs filed a motion *in limine* to preclude the opinion testimony of Heidi Placy, Lacaillade's sister. Loignon objects to the motion.


Background

On August 25, 2008, Jon Paul Lacaillade II, a New Hampshire resident, was riding his bicycle on the side of the road traveling east on Route 25 in Porter, Maine. A tractor-trailer, owned and operated by Loignon, a Canadian business with a "U.S. presence in Maine," and driven by Renald Morin, a Loignon employee, was also traveling east on Route 25. As the truck

---

[1] The court subsequently granted Loignon's motion to dismiss the plaintiffs' negligence per se claim.

approached Lacaillade to pass, he lost control of his bicycle, fell back into the roadway, and landed under the tractor-trailer's tires. He died instantly.

## Discussion

In advance of the trial, the plaintiffs move to preclude certain testimony of Lacaillade's sister, Heidi Placy. Placy was riding with the same group of cyclists as Lacaillade on the date of the accident. Although Placy did not witness the accident, she testified during her deposition as to her various opinions with regard to Loignon's and Lacaillade's respective levels of fault, as well as the merits of the lawsuit generally. The plaintiffs seek to preclude Placy's testimony as to these opinions, but do not object to any testimony which is based on her personal observations. Loignon objects, arguing that Placy's views as to fault and the merits of the lawsuit are admissible as lay opinion testimony.

> Federal Rule of Evidence 701 provides:
>
> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Therefore, under Rule 701, Placy's testimony is admissible as lay opinion only if it is rationally based on her perceptions and helpful to the jury in acquiring a clear understanding of her testimony or determining a fact in issue.  See United States v. Flores-De-Jesús, 569 F.3d 8, 20 (1st Cir. 2009); Swajian v. Gen. Motors Corp., 916 F.2d 31, 36 (1st Cir. 1990).

The condition that a witness's testimony must be rationally based on his perception is "the familiar requirement of first-hand knowledge or observation."  United States v. Wilkerson, 411 F.3d 1, 7 (1st Cir. 2005) (quoting Fed. R. Evid. 701 advisory committee's note).  Thus, any inferences drawn by a lay witness "'must be tethered to perception, to what the witness saw or heard.'"  Colt Def. LLC v. Bushmaster Firearms, Inc., 2005 WL 2293909, at *9 n.51 (D. Me. Sept. 20, 2005) (quoting United States v. Santos, 201 F.3d 953, 963 (7th Cir. 2000)); see also United States v. Angulo-Hernández, 565 F.3d 2, 18-19 (1st Cir. 2009).

Here, Loignon argues that Placy's "opinion as to fault is a short-hand expression of her observations and is rationally based on those observations."  Loignon further contends that Placy's views regarding the merits of the lawsuit are "based on her first hand observations of the accident and the events leading up to it."  Neither argument is availing.

Placy admits that she did not personally witness the tractor-trailer passing Lacaillade or see him fall underneath the tractor-trailer's tires. Without having seen the accident, Placy's opinion on the respective fault of Loignon or Lacaillade, as well as her opinion as to the merits of the lawsuit, are not "rationally based on [her] perception." See, e.g., United States v. Meises, 645 F.3d 5, 16 (1st Cir. 2011) (lay opinion testimony inadmissible under Rule 701 when the witness "neither saw nor heard the critical episode in the investigation").

Even if Placy's testimony were rationally based on her perception, it would still be inadmissible because it would not be helpful to the jury. "The nub of [the helpfulness] requirement is to exclude testimony where the witness is no better suited than the jury to make the judgment at issue, providing assurance against the admission of opinions which would merely tell the jury what result to reach." Meises, 645 F.3d at 16 (internal quotation marks and citations omitted). Thus, lay opinion is not considered helpful to the jury "'when the jury can readily draw the necessary inferences and conclusions without the aid of the opinion.'" United States v. Sanabria, 645 F.3d 505, 515 (1st Cir. 2011) (quoting Lynch v. City of Bos., 180 F.3d 1, 17 (1st Cir. 1999)).

Placy's opinion as to whether or not Loignon is at fault for Lacaillade's death, as well as her opinion on the merits of the

lawsuit, essentially tell the jurors what result to reach. Such opinions are precisely the type that Rule 701 precludes. Sanabria, 645 F.3d at 516 ("'seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness'[s]'") (quoting Mitroff v. Xomox Corp., 797 F.2d 271, 276 (6th Cir. 1986)); see also Connell v. Bank of Bos., 924 F.2d 1169, 1178 n.7 (1st Cir. 1991). Therefore, where, as here, "attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by [Rule 701]." Fed. R. Evid. 701 advisory committee's note (1972).

Placy's testimony at trial will be limited to her firsthand knowledge, which is what she saw before, during, and after the accident, to the extent such testimony is relevant. She will not be permitted to testify about who was or was not at fault, what caused the accident, whether Lacaillade should have ridden ahead of the group, whether Lacaillade should have had a rear view mirror, whether the lawsuit is justified or appropriate, or about any other matter that falls outside of the limitation described above. Counsel shall carefully instruct Placy accordingly before she testifies at trial, and shall also instruct her that in the event opposing counsel objects after a question is asked, she is

not to answer that question until the judge has ruled on the objection.

## Conclusion

For the foregoing reasons, the plaintiffs' motion *in limine* to preclude the opinion testimony of Heidi Placy (document no. 40) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 14, 2011

cc: Anthony M. Campo, Esquire
    Michael P. Johnson, Esquire
    Andrew Ranks, Esquire
    Mark W. Shaughnessy, Esquire
    William J. Thompson, Esquire