UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Michele Lacaillade,
Taylor Lacaillade,
and Andrew Lacaillade

v. Civil No. 10-cv-68-JD
Opinion No. 2011 DNH 196

Loignon Champ-Carr, Inc.

O R D E R

Following the death of Jon Paul Lacaillade II, his wife and children sued Loignon Champ-Carr, Inc. ("Loignon"), alleging claims for, inter alia, negligence, wrongful death, negligence per se, and loss of consortium.[1] The plaintiffs move to amend their complaint to add Renald Morin, a Loignon employee, as a defendant. Loignon objects to the motion.

## Background

On August 25, 2008, Jon Paul Lacaillade, a New Hampshire resident, was riding his bicycle on the side of the road traveling east on Route 25 in Porter, Maine. A tractor-trailer,

[1]The court subsequently granted Loignon's motion to dismiss the plaintiffs' claim for negligence per se. The remaining claims are subsumed under Maine's wrongful death statute. See 18-A M.R.S.A. § 2-804; see also DeCambra v. Carson, 953 A.2d 1163, 1164 n.1 (Me. 2008).

owned and operated by Loignon, a Canadian business with a “U.S. presence in Maine,” and driven by Morin, a Loignon employee, was also traveling east on Route 25. As the tractor-trailer approached Lacaillade to pass, he lost control of his bicycle, fell back into the roadway, and landed under the tractor-trailer’s tires. He died instantly.

## Discussion

The plaintiffs filed this action on March 1, 2010, naming Loignon as the only defendant. They filed an amended complaint on August 8, 2010, again naming Loignon as the only defendant. Discovery closed on May 15, 2011, and trial is scheduled to begin on December 6, 2011.

On the eve of trial, the plaintiffs move to amend their complaint to add Morin as a defendant. In support, they assert that Morin will be an essential witness at trial. Loignon objects to the motion.

“Where, as here, considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay.” Stepanischen v. Merch. Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983) (internal quotation marks and citation

omitted); see also Grant v. News Group Bos., Inc., 55 F.3d 1, 6 (1st Cir. 1995).  The plaintiffs argue that adding Morin as a defendant "would be more efficient, and streamline the evidence." However, they do not explain adequately how adding Morin as a defendant would result in a more efficient presentation of the evidence.  In fact, it would likely have the opposite effect.  As Loignon points out, if added as a party, Morin would be represented by his own counsel who would need time for preparation.  In addition, Morin would likely need to engage in discovery and motion practice, both of which ended months ago. The trial would have to be rescheduled, and the court and the parties would be required to expend significant additional resources on the case.

   Further, even if the plaintiffs' argument had merit, it would not be a valid reason to grant the motion.  The plaintiffs provide no explanation for the delay in bringing this motion.

Conclusion

For the foregoing reasons, the plaintiffs motion to amend their complaint (document no. 84) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

November 30, 2011

cc: Anthony M. Campo, Esquire
Nicholas D. Cappiello, Esquire
Michael P. Johnson, Esquire
Andrew Ranks, Esquire
Mark W. Shaughnessy, Esquire
William J. Thompson, Esquire