UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Michele Lacaillade,</u>
<u>Taylor Lacaillade,</u>
<u>and Andrew Lacaillade</u>

        v.                          Civil No. 10-cv-68-JD
                                    Opinion No. 2011 DNH 197

<u>Loignon Champ-Carr, Inc.</u>


                    O R D E R

        Following the death of Jon Paul Lacaillade II, his wife and

children sued Loignon Champ-Carr, Inc. ("Loignon"), alleging

claims for, inter alia, negligence, wrongful death, negligence

per se, and loss of consortium.[1]  Loignon moves to exclude the

plaintiffs' liability expert, Charles A. Schack, on the grounds

that his opinion does not satisfy the requirements set forth in

Federal Rule of Evidence 702.  The plaintiffs object to the

motion.

_____

        [1]The court subsequently granted Loignon's motion to dismiss
the plaintiffs' claim for negligence per se.  The remaining
claims are subsumed under Maine's wrongful death statute.  <u>See</u>
18-A M.R.S.A. § 2-804; <u>see also</u> <u>DeCambra v. Carson</u>, 953 A.2d
1163, 1164 n.1 (Me. 2008).

Background

On August 25, 2008, Jon Paul Lacaillade, a New Hampshire resident, was riding his bicycle on the side of the road traveling east on Route 25 in Porter, Maine.  A tractor-trailer, owned and operated by Loignon, a Canadian business with a "U.S. presence in Maine," and driven by Renald Morin, a Loignon employee, was also traveling east on Route 25.  As the tractor-trailer approached Lacaillade to pass, he lost control of his bicycle, fell back into the roadway, and landed under the tractor-trailer's tires.  He died instantly.

Discussion

Loignon moves to exclude the plaintiffs' liability expert, Charles A. Shack.[2]  Citing Federal Rule of Evidence 702, Loignon argues that (I) Schack is not qualified as an expert, (ii) his opinion is not the product of reliable methodology and is based on speculation, and (iii) his opinion is irrelevant and will not assist the trier of fact.

---

[2]While Loignon's motion to exclude Schack's testimony (document no. 53) was pending, it filed a supplemental motion setting forth additional grounds to support exclusion (document no. 85).  The court addresses the arguments set forth in both motions.

"The touchstone for the admission of expert testimony in federal court litigation is Federal Rule of Evidence 702." <u>Crowe v. Marchand</u>, 506 F.3d 13, 17 (1st Cir. 2007).  Under that rule,

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  As the structure of the rule suggests, before the factfinder in a case can consider testimony over an adverse party's objection, the court serves as a gatekeeper, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 597 (1993); <u>see also Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 147 (1999).

Although the proponent of an expert witness bears the burden of proving the admissibility of his opinion, <u>see Daubert</u>, 509 U.S. at 592, the burden is not especially onerous, because "Rule 702 has been interpreted liberally in favor of the admission of expert testimony." <u>Levin v. Dalva Bros., Inc.</u>, 459 F.3d 68, 78 (1st Cir. 2006).  Thus, so long as "an expert's scientific testimony rests upon 'good grounds, based on what is known,'"

Rule 702 does "not require that [the proponent] carry the burden of proving to the judge that the expert's assessment of the situation is correct." <u>Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.</u>, 161 F.3d 77, 85 (1st Cir. 1998) (quoting <u>Daubert</u>, 509 U.S. at 590).

A.   <u>Qualifications</u>

Loignon argues that Schack is not qualified to give an opinion in this matter because he is not an expert on, and has very limited experience with, the operation of either tractor-trailers or bicycles.  The plaintiffs counter that Schack is a qualified accident reconstructionist, and his personal experience with those particular vehicles is irrelevant.

"Rule 702 is not so wooden as to demand an intimate level of familiarity with every" aspect of a case.  <u>Microfinancial, Inc. v. Premier Holidays Int'l, Inc.</u>, 385 F.3d 72, 80 (1st Cir. 2004); <u>see also</u> <u>Tokio Marine & Fire Ins. Co. v. Grove Mfg. Co.</u>, 958 F.2d 1169, 1175 (1st Cir. 1992) ("an expert need not have . . . experience with the particular [apparatus] in order to render an expert opinion about" the circumstances of a case).  Thus, "expert witnesses need not have overly specialized knowledge to offer opinions." <u>Levin</u>, 459 F.3d at 78.

4

Schack is the president of Crash Experts, Inc., and is accredited by the Accreditation Commission for Traffic Accident Reconstruction ("ACTAR") as a traffic accident reconstructionist. He has been analyzing traffic collisions for over twenty-six years and has been qualified as an expert witness in accident reconstruction many times, both in New Hampshire and other states.

The plaintiffs do not intend to offer Schack as an expert in the operation or use of tractor-trailers or bicycles.  Instead, Schack's opinion addresses the cause of the accident based on his reconstruction of what occurred.  His opinions are being offered as to the circumstances, cause, and contributing factors to the accident.  Schack's apparent lack of intimate familiarity with tractor-trailers or bicycles does not render him unqualified to give testimony as an accident reconstructionist. See, e.g., Correa v. Cruisers, A Div. of KCS Int'l, Inc., 298 F.3d 13, 25-26 (1st Cir. 2002) (engineer experienced in repairing engines could opine on defectiveness of fuel management system, despite lack of experience with the particular engine at issue in the case); Diefenbach v. Sheridan Transp., 229 F.3d 27, 31 (1st Cir. 2000) (sea captain properly gave expert testimony on docking and undocking equipment and procedures on integrated tug and barge,

despite his lack of experience with the particular vessel at issue).

Therefore, based on Schack's training and experience in conducting accident reconstructions, he is qualified to give his opinion on that subject here.

B.  <u>Methodology</u>

Loignon next argues that Schack's opinions are not the product of a reliable methodology and are based on speculation. The plaintiffs contend that Schack's opinions are based on his investigation in which he used standard and accepted industry techniques and methods.

The Supreme Court has recognized four indicia of reliability: (1) whether the expert's techniques can or have been tested; (2) whether the techniques have been the subject of peer review; (3) whether the techniques have been generally accepted in the relevant scientific community or industry; and (4) with respect to a particular technique, whether and to what extent there is a known or potential rate of error, and whether there are standards controlling the operation of the technique. <u>Daubert</u>, 509 U.S. at 592-94.  "[T]he rejection of expert testimony [on the basis of unreliability] is the exception rather

than the rule."  Fed. R. Evid. 702 advisory committee note
(2000).

Loignon notes that Schack will opine that Morin, the driver
of the tractor-trailer, attempted to pass Lacaillade while
driving on a curve in the road, and that Morin's view was
impaired.  Loignon contends that because Schack could not testify
at his deposition "as to the speed of the other vehicle
travelling [sic] in the opposite direction and could not testify
as to the radius of the curve in the roadway," his "opinions lack
a sufficient factual predicate and must be excluded."  Loignon
further argues that Schack's opinion rests on speculation that
Lacaillade lost control of his bicycle because he saw the
tractor-trailer moving closer to him on the shoulder of the road
moments before the accident.

"It is the expert's methodology, as opposed to his
conclusions, which 'remains the central focus of a Daubert
inquiry.'"  Bourne v. Town of Madison, 2007 WL 1447672, at *4
(D.N.H. May 9, 2007) (quoting Ruiz-Troche, 161 F.3d at 81).
Loignon's challenge to Schack's methodology is better
characterized as an attack on the merits of Schack's opinion.  To
the extent that Loignon endeavors to challenge the veracity of
Schack's conclusions, "[v]igorous cross-examination, presentation

7

of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 596.

C.    <u>Relevance</u>

Loignon also challenges the relevance of Schack's opinion regarding the adequacy of the space that Morin gave Lacaillade while passing him.  The plaintiffs contend that Schack's accident reconstruction opinion is highly relevant.

As with all evidence, expert testimony must be relevant to an issue in the case.  <u>See, e.g.</u>, <u>United States v. Pena</u>, 586 F.3d 105, 110 (1st Cir. 2009).  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. Expert testimony must be relevant "not only in the sense that all evidence must be relevant, <u>see</u> Fed. R. Evid. 402, but also in the incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue."  <u>Ruiz-Troche</u>, 161 F.3d at 81.

8

Relevance for purposes of Rule 702 is interpreted liberally.
See, e.g., Mitchell v. United States, 141 F.3d 8, 14 (1st Cir. 1998).

Loignon challenges Schack's discussion of 29-A M.R.S.A. §
2070, which provides that an operator of a vehicle passing a
bicycle proceeding in the same direction must leave a distance of
no less than three feet while passing.  Schack opines that Morin
gave less than three feet of room.  Loignon challenges this
opinion as irrelevant because "Schack is unable to testify as to
whether if Morin has given Lacaillade the three feet of room
provided in the statute that the accident would not have
happened."

To prove that Loignon was negligent, based on the operation
of the tractor-trailer, the plaintiffs must show that the driver
of the tractor-trailer had a duty to use reasonable care in
operating the truck, that he breached the duty, and that his
breach caused the accident that killed Lacaillade.  See, e.g.,
Davis v. R C & Sons Paving, Inc., 26 A.3d 787, 790 (Me. 2011).
Under Maine law, violation of a safety statute, such as § 2070,
is evidence of a failure to use reasonable care.  Elliott v. S.D.
Warren Co., 134 F.3d 1, 5 (1st Cir. 1998); see also French v.
Willman, 599 A.2d 1151, 1152 (Me. 1991).  In contrast, whether
the lack of space was a cause of the accident pertains to the

causal element of negligence.  While Schack's opinion as to the distance the tractor-trailer gave the bicycle may not address the causal element, it nevertheless provides evidence that is relevant to the failure to use reasonable care.

In sum, none of Loignon's challenges to the admissibility of Schack's testimony has merit.  Loignon is free to explore the alleged deficiencies in Schack's opinion during cross-examination.

### Conclusion

For the foregoing reasons, Loignon's motions in limine to exclude the plaintiffs' expert, Charles A. Schack (document nos. 53 and 85) are denied.


SO ORDERED.


_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge


November 30, 2011

cc:  Anthony M. Campo, Esquire
     Nicholas D. Cappiello, Esquire
     Michael P. Johnson, Esquire
     Andrew Ranks, Esquire
     Mark W. Shaughnessy, Esquire
     William J. Thompson, Esquire