```
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

Michele Lacaillade,
Taylor Lacaillade,
and Andrew Lacaillade

    v.                                 Civil No. 10-cv-68-JD
                                            Opinion No. 2011 DNH 198

Loignon Champ-Carr, Inc.

## O R D E R

Following the death of Jon Paul Lacaillade II, his wife and children sued Loignon Champ-Carr, Inc. ("Loignon"), alleging claims for, inter alia, negligence, wrongful death, negligence per se, and loss of consortium.[1]  On the eve of trial, Loignon moves to amend its answer to add the affirmative defense of comparative negligence.  The plaintiffs object to the motion.

## Background

On August 25, 2008, Jon Paul Lacaillade, a New Hampshire resident, was riding his bicycle on the side of the road traveling east on Route 25 in Porter, Maine.  A tractor-trailer,

---

[1] The court subsequently granted Loignon's motion to dismiss the plaintiffs' claim for negligence per se.  The remaining claims are subsumed under Maine's wrongful death statute.  See 18-A M.R.S.A. § 2-804; see also DeCambra v. Carson, 953 A.2d 1163, 1164 n.1 (Me. 2008).

owned and operated by Loignon, a Canadian business with a "U.S. presence in Maine," and driven by Morin, a Loignon employee, was also traveling east on Route 25.  As the tractor-trailer approached Lacaillade to pass, he lost control of his bicycle, fell back into the roadway, and landed under the tractor-trailer's tires.  He died instantly.

## Discussion

The plaintiffs filed this action on March 1, 2010.  Loignon filed an answer to the complaint on June 1, 2010, which did not assert the affirmative defense of comparative negligence.  The plaintiffs filed an amended complaint on August 8, 2010.  Loignon filed an answer to the amended complaint on August 18, 2010, which also did not assert the affirmative defense of comparative negligence.  Discovery closed on May 15, 2011, and trial is scheduled to begin on December 6, 2011.

Loignon now moves to amend its answer to add the affirmative defense of comparative negligence.  Loignon argues that although it did not include comparative negligence as an affirmative defense in its answer or pretrial statement, its intention to assert the defense was demonstrated through its interrogatory answers, expert disclosures, and depositions of fact witnesses.  Loignon further contends that the plaintiffs will not suffer

prejudice if it asserts the defense of comparative negligence. The plaintiffs object to the motion.

"Rule 8(c) is designed to provide plaintiffs with adequate notice of a defendant's intention to litigate an affirmative defense, thereby affording an opportunity to develop any evidence and offer responsive arguments relating to the defense." Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003). "Failure to plead an affirmative defense generally results in waiver of the defense and its exclusion from the case." Wolf v. Reliance Standard Life Ins. Co., 71 F.3d 444, 449 (1st Cir. 1995). Whether to grant a party leave to amend a pleading is within the discretion of the trial court. Id. "Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).

Here, there has been a significant delay in Loignon's motion to amend its answer to assert the affirmative defense of comparative negligence. Loignon argues that, despite the delay, the plaintiffs would not be prejudiced by the amendment because the plaintiffs have been aware throughout the course of discovery that it was Loignon's intention to assert comparative negligence as a defense. In support of its argument, Loignon notes that one

of the plaintiffs' interrogatories, which asked Loignon to state its support for the contention that Lacaillade's injuries were caused in whole or in part by Lacaillade's own negligence, as well as Loignon's expert disclosures, demonstrate the plaintiffs' awareness of Loignon's intention to assert the affirmative defense of comparative negligence at trial.

Loignon's argument is unavailing.  Both its answer to the interrogatory and its expert disclosures essentially state that Lacaillade failed to maintain control of his bicycle resulting in the accident.  A theory that Lacaillade failed to maintain control of the bicycle, however, does not necessarily equate to a defense of comparative negligence.  Indeed, this conclusion is buttressed by Loignon's final pretrial statement, filed on November 1, 2011, which states that its theory of the case is "that the roadway [surface] was the cause of the accident in that the roadway surface caused Mr. Lacaillade to lose control of his bicycle and travel underneath the trailer."  Therefore, Loignon's discovery responses did not provide "adequate notice" that Loignon would pursue the defense of comparative negligence.

As the plaintiffs point out, and as is quite evident from the factual allegations at issue in this case, if Loignon were allowed to assert the defense of comparative negligence, they would need to conduct additional discovery and submit additional

expert testimony concerning Lacaillade's level of care in operating the bicycle at the time of the accident. Therefore, the plaintiffs would suffer undue prejudice if Loignon were allowed to amend its complaint to add the defense of comparative negligence on the eve of trial. See, e.g., Wolf, 71 F.3d at 450 (affirming trial court's finding of prejudice where the addition of an affirmative defense "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation").

The court denies Loignon's request to add the defense of comparative negligence. Loignon shall not introduce testimony or other evidence of Lacaillade's negligence at trial.

## Conclusion

For the foregoing reasons, Loignon's motion to amend its answer (document no. 73) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 1, 2011

cc:  Anthony M. Campo, Esquire
     Nicholas D. Cappiello, Esquire
     Michael P. Johnson, Esquire
     Andrew Ranks, Esquire
     Mark W. Shaughnessy, Esquire
     William J. Thompson, Esquire