UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Michele Lacaillade,
Taylor Lacaillade,
and Andrew Lacaillade

        v.                              Civil No. 10-cv-068-JD

Loignon Champ-Carr, Inc.


O R D E R

    Following the death of Jon Paul Lacaillade, his wife and
children sued Loignon Champ-Carr, Inc. ("Loignon"), alleging
claims for wrongful death.  After a six-day trial, the jury found
the defendant liable and awarded the plaintiffs damages.  Before
the court entered judgment, the parties agreed to settle the
case.  The plaintiffs filed a motion to approve the settlement
agreement and a motion for allowance of attorneys' fees because
the settlement involved minor children.  The defendant assented
to both motions.


Background

    On August 25, 2008, Jon Paul Lacaillade, a New Hampshire
resident, was riding his bicycle on the side of the road
traveling east on Route 25 in Porter, Maine.  A tractor-trailer,
owned and operated by Loignon, and driven by Renald Morin, a
Loignon employee, was also traveling east on Route 25.  As the

truck approached Mr. Lacaillade to pass, he lost control of his bicycle, fell back into the roadway, and landed under the tractor-trailer's tires.  He died instantly.

Michele Lacaillade, the decedent's wife, is the duly appointed administratrix of the decedent's estate.  She sued on her own behalf and on behalf of the estate alleging a claim for wrongful death.  She was joined in the suit by the decedent's two children, his daughter, Taylor, and his son, Andrew.  After a six-day trial, the jury found the defendant liable and awarded the plaintiffs $3.5 million in economic damages and $5 million in loss of consortium damages.  Under Maine's wrongful death statute, 18-A M.R.S.A. § 2-804, which applied to the case, loss of consortium damages were capped at $500,000.

## Discussion

The parties agreed to settle the case and the plaintiffs moved for approval the settlement.  See LR 17.1; see also N.H. Super. Ct. R. 111.  Because the settlement provided for attorneys' fees of 33 1/3% of the minors' settlement, the plaintiffs also moved for allowance of attorneys' fees.  See N.H. Super. Ct. R. 111.E(2).

A.    Settlement Agreement

Local Rule 17.1 provides that "[n]o settlement of any suit brought on behalf of a minor by a parent or next friend shall be valid unless approved by the court."  LR 17.1.  The rule further provides that "[i]f the minor is a New Hampshire resident, the motion shall contain the information required by New Hampshire Superior Court Rule 111."  Id.

Superior Court Rule 111 requires a petition for settlement to contain the following information: "if the amount to be paid to the minor before the age of majority exceeds $10,000.00, the Court shall require proof in the form of a certified statement from the Court of Probate that the guardian ad litem, parent, next friend, or other person who receives money on behalf of the minor whether through settlement, judgment, decree or other order, has been appointed guardian of the estate of such minor and is subject to the duties prescribed under RSA 463:19"; "[a] brief description of the accident and of all injuries sustained and the age of the minor"; "[t]he total amount of the settlement and whether any bills or expenses are to be paid out of the total settlement or are being paid in addition as part of the parent's claim"; "[w]hether the settlement was negotiated by counsel actually representing the minor"; "[t]he net amount to be received on behalf of the minor"; and "[a] prayer that the

3

settlement be approved."[1]  In addition, the petition must be

accompanied by a photocopy of the minor's birth certificate and

an itemized statement from counsel detailing the nature of the

work performed and the time spent on the case.

The plaintiffs' motion to approve the settlement includes

the information required by Superior Court Rule 111.  The motion

attaches certificates of appointment from the Fourth Circuit

Probate Division in Laconia dated September 10, 2012, showing

that Scott Denison McGuffin was appointed guardian of the estates

of Taylor and Andrew and is subject to the duties prescribed

under RSA 463:19.[2]  The motion contains a description of the

accident, the total amount of the settlement, the expenses paid

out of the settlement, a statement that counsel who negotiated

the settlement represented all the plaintiffs, the net amount

Taylor and Andrew will receive from the settlement, and a prayer

---

[1]Rule 111 requires additional information if the minor
incurred medical expenses.  See Super Ct. R. 111(D)(2), (5), &
(6).  As the plaintiffs stated in their motion, neither Taylor
nor Andrew incurred any medical expenses and therefore, those
requirements do not apply.

[2]The plaintiffs initially moved for court approval of the
settlement prior to the appointment of a guardian (document no.
129).  On March 20, 2012, the court issued a procedural order
stating that it would not grant the motion until the plaintiffs
filed a certified statement from the Probate Court indicating
that a guardian had been appointed.  The plaintiffs subsequently
filed the motion which is the subject of this order attaching the
certified statement.

for relief that the settlement agreement be approved.   In

addition, the motion attached photocopies of Taylor's and

Andrew's birth certificates.[3]

The plaintiffs' motion to approve the settlement complies

with Superior Court Rule 111.   Accordingly, the court approves

the settlement.


B.   Attorneys' Fees

Superior Court Rule 111 provides that a petition for

settlement approval shall contain:

> [a]n itemized statement from counsel detailing the
> nature of the work performed and the time spent on the
> case.   An attorney's fee in excess of 25% of the
> settlement will not be ordinarily allowed unless upon
> good cause shown.   In the event that counsel seeks an
> attorney's fee in excess of 25%, counsel shall file a
> motion requesting such an approval which motion shall
> contain the reasons for the request.

The plaintiffs' motion to approve the settlement states that

under the terms of the settlement agreement, the plaintiffs'

---

[3]The motion to approve the settlement did not attach an
itemized statement from counsel detailing the nature of the work
performed and the time spent on the case.   The plaintiffs' motion
for allowance of attorneys' fees, however, which was referenced
in the motion to approve the settlement and was filed with the
motion to approve the settlement, did attach an itemized
statement.   Therefore, for purposes of the motion to approve the
settlement agreement, the court will consider the itemized
statement as part of both motions.

counsel will receive 40% of the portion of the settlement relating to Michele's recovery and 33 1/3% of the portion of the settlement relating to Taylor's and Andrew's recovery.  Because the proposed attorneys' fees for Taylor and Andrew are greater than 25%, the plaintiffs' counsel filed a motion requesting approval of the fees.

In support of their showing of good cause for the 33 1/3% fees, the plaintiffs' counsel filed an exhibit containing an itemized statement of the work performed on the matter.  The plaintiffs' lead counsel, William Thompson, stated in an affidavit that the case involved approximately 700-800 attorney hours over two and a half years, including the jury trial which lasted seven days.  The plaintiffs' counsel further contends that the trial resulted in a large jury verdict, the total of which represents the approximate settlement amount.

The plaintiffs' counsel spent significant time and effort on a difficult case and secured a very large jury verdict for their clients.  Under the terms of the settlement, including the 33 1/3% attorneys' fees, Taylor and Andrew will receive a significantly greater recovery than they would have from the jury's award of damages because of the cap on loss of consortium damages in Maine's wrongful death statute.  In addition, Michele's contingency fee agreement with counsel provided for

attorneys' fees of 45% of the recovery if the case went to trial.
Therefore, the 33 1/3% attorneys' fees for Taylor's and Andrew's
settlement represents a reduction in fees.   Accordingly, the
plaintiffs' counsel has shown good cause for attorneys' fees of
33 1/3% of Taylor's and Andrew's settlement.

<u>Conclusion</u>

For the foregoing reasons, the plaintiffs' revised motion to
approve settlement (document no. 133) and motion for allowance of
attorneys' fee for minor settlement (document no. 128) are
granted.   The plaintiffs' motion to approve settlement (document
no. 129), which was superseded by the revised motion, is
terminated.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 14, 2012

cc:  Anthony M. Campo, Esq.
     Nicholas D. Cappiello, Esq.
     Michael P. Johnson, Esq.
     Andrew Ranks, Esq.
     Mark Shaughnessy, Esq.
     William J. Thompson, Esq.